IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                       CASE NO. 1:10-cr-00006-MP/GRJ

ERIC LAMORE HARRIS,

     Defendant.

_____/

## ORDER

This matter is before the Court on Doc. 35, a petition alleging a violation of

probation for failing to refrain from new law violations, in that between on or about May

12, 2012, and May 15, 2012, the defendant allegedly committed the offenses of dealing

in stolen property as evidenced by the defendant being charged for these offenses as is

outlined in Alachua County Sheriff's Report No. AS012ARR005042.  The state charges

against Mr. Harris were dismissed via a "No Information" filed by the State in case

number 01-2012-CF-002521-A on July 10, 2012.

An evidentiary hearing was held on the petition on October 18, 2012.  I have

carefully considered the statements of all parties, the testimony of the witnesses, the

evidence presented and the information contained in the violation report.  I now find that

the government has not met its burden of proving that the defendant violated the terms

and conditions of his probation.

The evidence was undisputed that Mr. Harris did not steal the laptops himself.

Also, the government presented no evidence that defendant was told that the laptops

were stolen.  Indeed, the only testimony regarding statements to Mr. Harris concerning

the legality of the laptops involved Mr. Caudle.  He testified that he checked if the laptops were reported as stolen to the FDLE and informed defendant that they had not been reported stolen.

Additionally, the government failed to support its theory that the defendant should have known the laptops were stolen due to their low purchase price.  First, the government offered no testimony as to the value of the laptops other than the speculation by the detective who did not explain how he derived that value.  Second, the testimony of Mr. Caudle and the defendant was uncontradicted that the laptops had significant functional and cosmetic problems.    Finally, the Court cannot determine from the version of the conversation that Mr. Caudle testified he had with defendant whether defendant was admitting to knowing the laptops were stolen all along or simply indicating that he had later found out they were stolen.  As such, the conversation is not sufficient to meet the government's burden.

Accordingly, it is the judgment of the Court that defendant did not violate the terms of his probation and that the defendant be continued on probation.  All other portions of the sentence and terms and conditions of probation previously imposed shall remain in full force and effect.

DONE AND ORDERED this 30th day of October, 2012.

*S/  Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge